J-A03010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARJORIE STEIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD F. GRABOWSKI AND SALLY L. | : | |
| GRABOWSKI, HUSBAND AND WIFE, | : | |
| | : | |
| Appellants | : | No.  556 WDA 2018 |

Appeal from the Judgment Entered March 23, 2018
in the Court of Common Pleas of Allegheny County Civil Division at
No(s): G.D. 15-018110

BEFORE:  BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED JUNE 12, 2019**

I agree with the result reached by the Majority.  I write separately to point out that it is my position that the trial court admitted hearsay testimony when it permitted Stein to testify where her mother told her the boundary line was located.  However, I conclude the admission of that testimony did not change the outcome of the trial.

Here, the trial court permitted Stein to testify that the "end of the property [was] at the end of the locust trees on the bank," which was the location where Stein's mother had told her it was.  N.T. Trial, 9/7-8/17, at 115-16.  After counsel objected, the trial court reasoned that the testimony was not being "offered for the truth," but rather was being offered to show

_____

* Retired Senior Judge assigned to the Superior Court.

Stein's understanding of where the property line was. *Id*. The trial court concluded that the statement was being offered to explain Stein's belief that the survey was incorrect. *See* Trial Court Opinion, 7/16/18, at unnumbered 12. In its opinion, the trial court went on to point out that the "admission was not a deciding factor in the court's finding of a consentable line in favor of Stein and was not considered for the truth of the matter asserted." *Id*.

Instantly, Stein's testimony about where her mother believed the boundary line to be was offered "in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c)(2). The dispute between the parties centered on the fact that even though the deeds and surveys set the boundary line at one place, the parties had always acted as though the boundary line was located at a different place. In fact, Stein believed the boundary line was exactly where Stein's mother believed it was. Thus, this statement was clearly hearsay, and the trial court committed legal error in admitting it.

However, this Court "may disturb the non-jury verdict only if the court's findings are unsupported by competent evidence **or the court committed legal error that affected the outcome of the trial**." *Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 414 (Pa. Super. 2004) (emphasis added). Here, there was ample evidence for the trial court to conclude that the boundary line recognized by the parties was not where it was shown on the deeds. We agree with the Majority that the evidence established that "both adjoining

landowners had treated the crest of the slope or bank north of Stein's driveway … as the line separating their properties for half a century before the Grabowskis purchased the land, despite the fact that the deeds established a different line." Majority, at 17. Accordingly, I conclude the trial court's admitting this hearsay testimony did not affect the outcome of the trial, and therefore, this error does not require this Court grant the Grabowskis a new trial on this basis.